UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DERRICK ANDERSON, *et al.*,   )   | |
|     Plaintiffs,   )   | |
| )   | |
| v.   )   | CAUSE NO.: 4:08-CV-00014-AS-PRC |
| )   | |
| ELI LILLY AND COMPANY,   )   | |
|     Defendant.   )   | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Eli Lilly and Company's Motion to Stay All Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation [DE 8], filed on March 21, 2008. The Plaintiffs failed to file a response and the time to do so has passed. The Plaintiffs filed their Complaint for Damages in this matter on March 17, 2008, in Tippecanoe County Superior Court, State of Indiana. The Complaint for Damages asserts causes of action for strict product liability, negligence, and breach of express and implied warranties for Defendant's manufacture, sale, and distribution of the pharmaceutical drug Zyprexa. On March 18, 2008, the Defendant filed a Notice of Removal in the United States District Court for the Northern District of Indiana, thereby removing the case to this Court. On March 21, 2008, the Defendant filed its Answer to the Complaint for Damages, as well as the instant Motion.

The Defendant requests that the Court stay all proceedings in this action pending transfer, pursuant to 28 U.S.C. § 1407, to *In re Zyprexa Products Liability Litigation*, MDL Docket No. 1596 (E.D.N.Y) (Weinstein, J.). The Defendant represents that in 2004, the Multidistrict Litigation ("MDL") Panel transferred six civil actions to the Eastern District of New York, and since then has transferred approximately 1,675 Zyprexa related cases to the MDL as tag-along actions involving the same questions of fact. The Defendant represents that this case turns on the same common

questions of fact, including (1) whether Zyprexa caused or substantially contributed to the development of the Plaintiffs' diabetes, and (2) whether the Defendant knew that Zyprexa caused or substantially contributed to the development of diabetes or related diseases or conditions and failed to warn the medical community and the Food and Drug Administration.  The Defendant further represents that it filed a Notice of Potential Tag-Along Action on March 18, 2008, with the MDL Panel, seeking transfer of this case to the MDL.

The power of a court to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  The decision to issue a stay of proceedings when a party submits a motion for transfer to an MDL panel rests within the court's discretion.  *See Azar v. Merck & Co., Inc.*, No. 3:06-CV-0579, 2006 WL 3086943, at *1 (N.D. Ind. Oct. 27, 2006) (Nuechterlein, J.).  In such a context, courts consider the following three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources.  *See id.* at *1 (citing *Rivers v. Walt Disney Co.*, 980 F. supp. 1358, 1360 (C.D. Cal. 1997)).

Here, the Plaintiffs did not file a response or otherwise offer any evidence that granting a stay in this matter would prejudice their claim.  The Defendant contends that denying its request for a stay would prejudice it by requiring it to produce much of the same discovery that it has already produced in the MDL.  The Defendant foresees that the Plaintiffs would inevitably notice for deposition the same set of the Defendant's employees and former employees who have already been deposed in the MDL proceeding.  The Defendant argues that denying a stay would result in a burden on the Defendant that far outweighs any potential benefit that would inure to the Plaintiffs.  With regard to judicial economy, the Defendant argues that staying this matter pending a transfer to the MDL will conserve judicial resources.  The Defendant contends that granting a stay will enable a

2

single federal judge to coordinate discovery and ensure that pre-trial proceedings are conducted in a manner that will lead to a just and expeditious resolution of all actions.

The Court finds that the considerations of judicial economy and potential prejudice to the Defendant weigh in favor of granting the requested stay.  Thus, having considered the Motion, which is unopposed by the Plaintiffs, the Court now **GRANTS** the Defendant Eli Lilly and Company's Motion to Stay All Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation [DE 8].  The Court **ORDERS** that this matter is **STAYED** pending resolution by the Judicial Panel on Multidistrict Litigation of the Defendant's Notice of Potential Tag-Along Action. The Court further **ORDERS** the Defendant to provide the Court with timely notice of any decision by the MDL Panel regarding transfer of the instant matter.

So ORDERED this 16th day of April, 2008.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:    All counsel of record.